# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GLENN JACKSON,**

    **Plaintiff,**

vs.                                             **Case No. 4:18cv357-WS/CAS**

**CAPTAIN MARTIN,**
**NURSE WEST,**
**and SERGEANT BROWN,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Plaintiff's amended complaint, ECF No. 8, has now been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff has alleged that Defendant Brown directed Plaintiff to be restrained so that he could be taken to pre-confinement. ECF No. 8 at 5. In the process of restraining Plaintiff, Defendant Brown "aggressively yanked" Plaintiff's arm and refused to tell him why he was going to confinement. *Id.* After the pre-confinement check, Plaintiff was escorted to

the confinement unit by another officer when he encountered Defendants Martin, West, and Brown. *Id.* at 5. Captain Martin asked Nurse West if Plaintiff was "the one that was masterbating," and when Nurse West said yes, Captain Martin told Plaintiff that they would show him how they dealt with inmates like him at that institution. *Id.* at 5-6. Captain Martin indicated that Sergeant Brown would teach Plaintiff a lesson, but Brown told Plaintiff he would come see him when he came back on the next shift. *Id.* at 5-6.

Plaintiff was kept in confinement for seven days before being released based on a procedural issue. *Id.* at 6. After his release, Plaintiff alleged that Nurse West administered his insulin injection in an aggressive and painful manner on three occasions. *Id.* Plaintiff said that she caused him to have a bruise in the injection site.

Plaintiff asserts claims against the Defendants for assault, battery, and false imprisonment. *Id.* at 7. He seeks monetary damages, the costs of this litigation, and demands a jury trial. *Id.*

The claims alleged by Plaintiff in this case are state law tort claims. Such claims are not constitutional claims and are insufficient to proceed. To state a claim in a § 1983 action, a plaintiff must show that an "official, acting under color of state law, caused the deprivation of a federal right."

Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (citing Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)).  It is well established that § 1983 "does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002) (quoted in March v. Dep't of Children and Families, No. 2:03cv162, 2006 WL 2644917 (M.D. Fla. Sept. 14, 2006)).  Thus, alleging a violation of state law or alleging that a prison official committed a tort such as assault or battery is insufficient to state a claim under § 1983.

Additionally, even under a liberal reading of Plaintiff's amended complaint, it is insufficient to state a claim.  Although Plaintiff did not present facts which show that unnecessary or excessive force[1] was used against him, such a claim could not proceed because Plaintiff has not shown that he suffered more than a *de minimis* injury or that force was used of the kind that is "repugnant to the conscience of mankind." Wilkins

---

[1] The Eighth Amendment forbids cruel and unusual punishment.  Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003).  A claim that prison officials unnecessarily used excessive physical force on a prisoner falls within the Cruel and Unusual Punishments Clause.  *Id.*

Case No. 4:18cv357-WS/CAS

v. Gaddy, 559 U.S. 34, 37–38, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010).  To be sure, threatening to use force on an inmate unnecessarily and without the need to maintain or restore discipline, is unprofessional and should not be condoned.  However, it is not unconstitutional.

Furthermore, "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979) (holding that the sheriff's laughing at inmate and threatening to hang him did not violate the Constitution); *see also* Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985)(holding that "[v]erbal threats do not constitute a constitutional violation."); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998 (1983) (cited in Shiflet v. Cornell, 933 F. Supp. 1549, 1556 (M.D. Fla. 1996) (finding that "verbal harassment . . . is not cognizable under § 1983.")).  Plaintiff has not alleged facts that demonstrate the violation of a federal constitutional right.

Finally, Plaintiff alleged a claim for "false imprisonment," *see* ECF No. 8 at 7, but that is insufficient as well.  Plaintiff was held in confinement for only seven days, and he did not lose gain time.  That is insufficient because "[d]iscipline by prison officials in response to a wide range of

misconduct falls within the expected parameters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995).  Absent an "atypical, significant deprivation" or some affect on the duration of sentence, there is no liberty interest implicated by placement in disciplinary confinement.  Sandin 115 S. Ct. at 2301-02; Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (holding that inmate did not show that he "was deprived of a constitutionally protected liberty interest as defined in Sandin" where he did not lose gain time and was only held in confinement for about two months). Here, Plaintiff did not allege facts showing that his seven day stay in confinement was "a dramatic departure from the basic conditions of" his otherwise lawful sentence within the Florida Department of Corrections.  See Wilkinson v. Austin, 545 U.S. 209, 223, 125 S. Ct. 2384, 2394, 162 L. Ed. 2d 174 (2005) (discussing Sandin).  This allegation is also insufficient to state a claim.

Review of Plaintiff's amended complaint, ECF No. 8, reveals that he has not alleged facts which support a viable § 1983 claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007);

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009).[2] Although pro se complaints are held to less stringent standards than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)), Plaintiff has, nevertheless, not alleged facts which show a constitutional violation. Because it does not appear that further opportunities to submit an amended complaint based on these facts would be beneficial, it is recommended that this case be dismissed for failure to state a claim upon which relief may be granted.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

Case No. 4:18cv357-WS/CAS

on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 28, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv357-WS/CAS